| | |
|---|---|
| 1 | BENJAMIN B. WAGNER<br>United States Attorney |
| 2 | KAREN A. ESCOBAR<br>CHRISTOPHER BAKER |
| 3 | Assistant United States Attorneys<br>2500 Tulare St., Suite 4401 |
| 4 | Fresno, CA  93721<br>Telephone:  (559) 497-4000 |
| 5 | Facsimile:  (559) 497-4575 |
| 6 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>SAUL MORALES,<br><br>                Defendant. | CASE NO.   1:12-cr-00234 LJO<br><br>NOTICE OF REQUEST TO SEAL TRANSCRIPT OF COOPERATING DEFENDANT'S TRIAL TESTIMONY; REQUEST TO SEAL TRANSCRIPT; DECLARATION OF AUSA ESCOBAR; ORDER OF DENIAL |

      Pursuant to Local Rule 141, the United States of America, by and through its counsel of record, hereby provides notice of its request to seal the transcript of the cooperating co-defendant who testified at trial in this matter.

DATED:      February 5, 2016.     Respectfully submitted,

                                                BENJAMIN B. WAGNER<br>
                                                United States Attorney

                                                /s/ Karen A. Escobar<br>
                                                KAREN A. ESCOBAR<br>
                                                Assistant United States Attorney

1

## **GOVERNMENT'S REQUEST TO SEAL TRANSCRIPT**

The United States, by and through its undersigned counsel, hereby requests to seal the transcript of the cooperating co-defendant who testified at trial in this matter, as set forth below.

1. Before trial at the hearing on motions *in limine* in this matter held on October 21, 2013, the government moved to seal the trial testimony of the cooperating co-defendant. RT (10-21-13) at 4:7-12, attached hereto.

2. At the motions *in limine* hearing, the Court inquired of the parties whether there was "any reason that the transcript would not be sealed as long as it is available to [defense counsel, Eric Kersten], to appellate counsel, and certainly, obviously to the Ninth Circuit?" RT (10-21-13) at 4:17-20.

3. The defendant offered no objection to the sealing of the cooperating witness's testimony. Mr. Kersten responded to the Court's inquiry that he "can't think of a reason not to seal it." RT (10-21-13) at 5:3-4.

4. The Court then granted without prejudice the government's motion to seal the trial testimony of the cooperating co-defendant. RT (10-21-13) at 5:8.

5. At trial, operating under the premise that the cooperating witness's testimony would be sealed, the government advised the Court before opening statement that it would not refer to the cooperating co-defendant by name but would call her by name when she is called as a witness to testify. RT (10-29-13) at 13-14.

6. During his opening statement, Mr. Kersten referred to the cooperating co-defendant by name and specifically referred to her cooperation. RT (10-29-13) at 112-13.

7. After the opening statements were made and out of the presence of the jury, the government moved to seal the opening statement. RT (10-29-13) at 117.

8. The Court stated it "won't seal it" but would ask the court reporter to redact it. RT (10-

29-13) at 117:8.

9. The cooperating witness was a key witness who appeared at trial with her lawyer, Mark Broughton, and testified at length about her dealings with the defendant and his family members, who were also involved in the drug operation. RT (10-30-13) at 339-67.

10. Thereafter, the court reporter filed a redacted transcript, which did not reveal the cooperating witness's name but referred to the witness by the initials of the first and last name. CR 257.

11. The redacted transcript is part of the excerpts of record filed by the defense on appeal. ER 632-888; *United States v. Saul Morales*, C.A. No. 14-10212. The cooperating defendant is also referenced by initials in Morales' redacted opening brief that was publically filed. Redacted AOB at 11. The cooperating co-defendant's cooperation is also described.

12. Redaction in this case does not conceal the identity of the cooperating co-defendant. By accessing the charging documents filed in this case through Public Access to Court Electronic Records (PACER), the identity of the cooperating co-defendant can easily be determined through the initials of the witness.[1]

13. During the investigation of this case, the investigative officers had concerns about the cooperating witness' safety and security. RT (10-29-13) at 236. The lead state case officer, Sergeant Michael Yandell of the Tulare County Sheriff's Office, testified at trial that, while the cooperating witness was pointing out relevant locations to him, they encountered the defendant. Sergeant Yandell testified, "We stayed back due to the safety of the witness. We didn't want to compromise her safety and have anyone see that

---

[1] Information is readily and easily available to the public, including criminal defendants and associates. For example, last month, a suspect in a Central Valley High Intensity Drug Trafficking Area (HIDTA) Task Force investigation admitted that he concealed himself from authorities and considered forcing "suicide by cop" after learning that he was under indictment after querying PACER.

3

she was with us." RT (10-29-13) at 236:17-19.

14. The safety and security concerns are even more critical at this time. The cooperating witness testified at trial, which resulted in a guilty verdict as to each count charged against the defendant. This Court has sentenced the defendant to 210 months in custody. The defendant is now challenging his conviction and sentence in the Ninth Circuit.

15. The evidence in this case indicates that the defendant was the leader of a large-scale interstate drug-trafficking organization involving family members, Sureño street gang affiliation, and the possession of firearms.

16. The attorney for the cooperating witness, Mark Broughton, concurs that sealing of his client's testimony is necessary to ensure the safety and security of his client.

17. The safety and security of the cooperating co-defendant is paramount. *See*, *e.g.*, *Roviaro v. United States,* 353 U.S. 53, 60-62 (1957) (recognizing government's interest in protecting the confidentiality and security of its witnesses). The defendant's confrontation and public trial rights are not implicated. The witness testified at trial in open court. The government's interest in the witness's safety outweigh any discernible interest of the defendant on appeal.

DATED: February 5, 2016.                Respectfully submitted,

                                                    BENJAMIN B. WAGNER
                                                  United States Attorney

                                                  /s/ Karen A. Escobar_____
                                                  KAREN A. ESCOBAR
                                                  Assistant United States Attorney

## DECLARATION OF AUSA ESCOBAR

I, Karen A. Escobar, declare as follows:

1. I am an Assistant United States Attorney for the Eastern District of California and have been so employed for over twenty-five years and over twenty-eight years as a prosecutor. I am the Assistant U.S. Attorney assigned to this matter.

2. The statements contained in the government's request to seal the transcript of the cooperating witness are true and correct to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 5th day of February, 2016.

 /s/ Karen A. Escobar                                KAREN A. ESCOBAR

## ORDER

Having considered the government's request to seal the transcript of the testifying co-defendant, and having weighed the competing interests of the defendant, the public, and the testifying witness, and relying on precedent legal research, the request is DENIED.

The cited Roviaro case deals only with the circumstance of the request for divulging an informant's identity to the defendant. The current request for sealing is a much broader issue. The current request neither addresses nor overcomes the precedent requirements found in the Ninth Circuit case of Oregonian Publishing Co. v U.S. District Court, 920 F.2d 1462, 1466 (9th Cir. 1990).

IT IS SO ORDERED.

Dated:  **February 5, 2016**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE