# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAUL MORALES,<br><br>Defendant. | 1:12-cr-00234-LJO-SKO-1<br><br>**AMENDED ORDER RE: WAIVER OF ATTORNEY-CLIENT PRIVILEGE** |

In an Order dated December 6, 2018, the Court granted the Government's motion for partial waiver of Petitioner/Defendant ("Defendant") Saul Morales' attorney-client privilege and the work product privilege, and for the compelled submission by his former attorney, Eric Kersten, of a sworn affidavit or declaration regarding Defendant's claims. ECF No. 388. The Order further stated that if the finding of waiver changed Defendant's decision whether or not to proceed with his § 2255 motion, Defendant must notify the Court within 10 days of the date of the Order by withdrawing his allegations concerning ineffective assistance of counsel in his motion. *Id*.

Defendant's former counsel Eric Kersten received a copy of the Court's Order and stated to counsel for the Government that he would request a modification of the order, so that the order would take effect 10 days after Defendant is served with the Order, rather than 10 days after the date of the Order. Due to "inadvertence and mistake," the request for modification was not filed. ECF No. 390.

In a phone conversation with Defendant on January 30, 2019, Defendant informed Mr. Kersten that the institution where Defendant is housed frequently has problems with mail and that he never

received a copy of the Court's Order.

Mr. Kersten requests (1) that a copy of the Order be sent to Defendant by certified mail to ensure that Defendant receives it and (2) that the Court modify the Order to provide that Mr. Kersten "shall provide within ten court days after Morales is served with the court's order, a sworn affidavit or declaration regarding Morales' claims of ineffective assistance of counsel in Morales' § 2255 motion in *United States v. Saul Morales*, No. 1:12-cr-00234 LJO." He also represented that AUSA Karen Escobar did not object to the request, provided that she be granted an opportunity to supplement the Government's motion to dismiss the § 2255 motion or otherwise reply after receipt of Mr. Kersten's sworn declaration.

The Court agrees to amend the Order, with changes from the original Order bolded and underlined below. An amended scheduling order will issue separately. The amended Order is as follows:

Good cause appearing, IN THE ALTERNATIVE, the United States' motion for partial waiver of Defendant Saul Morales' attorney-client privilege and the work product privilege, and for the compelled submission by his former attorney, Eric Kersten, of a sworn affidavit or declaration regarding Defendant's claims is GRANTED as follows:

(1) The attorney-client privilege of Defendant is waived with respect to all communications between Defendant Morales and his former attorney Eric Kersten and his staff and agents, concerning events and facts related to defendant's claims of ineffective assistance of counsel in defendant's § 2255 motion in *United States v. Saul Morales*, No. 1:12-cr-00234 LJO-SKO-1 (E.D. Cal.).

(2) The work product privilege is waived with respect to the work product of Attorney Eric Kersten and his staff and agents, concerning events and facts related to Defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(3) Attorney Eric Kersten and his staff and agents shall provide the government with a declaration addressing the communications with defendant and work product concerning events and facts related to the ineffective assistance of counsel claims presented in defendant's § 2255 motion, and shall communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration. Such declaration shall be provided within **10 court days of the date that Defendant Morales is served with this Order**.

(4) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

ALTERNATIVELY, the Court orders that if the finding of waiver changes Defendant's decision whether or not to proceed with his § 2255 motion, he must notify this Court within **10 court days of the date that Defendant Morales is served with this Order** by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Failure to do so confirms the alternative portion of this Order finding waiver.

IT IS SO ORDERED.

Dated: **February 4, 2019**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE