UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff-Respondent,<br><br>  v.<br><br>SAUL MORALES,<br><br>     Defendant-Petitioner. | No. 1:12-cr-00234-NONE-SKO-1<br><br>ORDER PERMITTING RESPONDENT'S LATE FILING OF DECLARATION IN SUPPORT OF MOTION TO DISMISS 28 U.S.C. § 2255 MOTION; AND PERMITTING PETITIONER SIXTY DAYS TO RESPOND<br><br>(ECF Nos. 373, 387, 396)<br><br>**(SIXTY DAY DEADLINE)** |

   Petitioner Saul Morales was convicted after a jury trial of conspiracy to manufacture, distribute, and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841; manufacturing and aiding and abetting the manufacture of marijuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; possessing marijuana with the intent to distribute and aiding and abetting also in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and maintaining drug-involved premises and aiding and abetting in violation of 18 U.S.C. §856 and 18 U.S.C. § 2. (Doc. Nos. 58 (superseding indictment), 232 (jury verdict).) On April 14, 2014, he was sentenced to 210 months in prison. (Doc. Nos. 270, 271.)

/////

On appeal from his judgment of conviction, Morales challenged the sufficiency of certain jury instructions, the sufficiency of the evidence admitted at his trial, the exclusion of evidence relating to a medical necessity defense, the court's determination that a more than ten year old expunged misdemeanor conviction and pending administrative investigation of a testifying officer was not subject to disclosure, and the applicability of an upward adjustment of his offense level under the U.S. Sentencing Guidelines for his leadership role, as well as for his possession of firearms, and maintaining drug-involved premises. (Doc. No. 346.) The Ninth Circuit affirmed Morales' convictions on appeal, vacated his sentence and remanded the matter solely for the purpose of resentencing to allow the district court to determine the operability of the firearms relied upon in support of the upward adjustment of his offense level based upon possession of a firearm under the sentencing guidelines. (*Id.*)

On August 14, 2017, the previously-assigned district judge made the determination that was the subject of the remand and resentenced petitioner to a total prison term of 135 months. (Doc. No. 357.) The new sentence was based in part on the court's decision to withhold the firearm upward adjustment as a result of the inadvertent destruction of the firearms and the inability to determine their operability at the time the offense was committed. (*See* Doc. No. 346 (Ninth Circuit decision discussing inoperability issue); Doc. No. 356 (government admitting at-re-sentencing that it did not present evidence of operability and that the custodial agency did not retain the firearm); Doc. No. 365 (Tr. 8/14/2017 re-sentencing hearing).) On appeal following petitioner's resentencing, the Ninth Circuit affirmed, determining that the sentence on remand was reasonable. (Doc. No. 367.)

On October 5, 2018, petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 373.) That motion raises various claims of ineffective assistance of counsel. (*Id.*)

On December 4, 2018, the government filed a motion to dismiss the § 2255 motion and requested, among other things, an order directing petitioner's trial counsel, Assistant Federal Defender Eric Kersten, to provide the government with a sworn affidavit addressing petitioner's claims of ineffective assistance. The court granted this request with standard limitations on December 6, 2018, waiving the privilege with respect to all communications between petitioner and Kersten about events and facts related to petitioner's claims presented in his pending § 2255 motion. (Doc. No. 388 (Waiver

Order).) Petitioner was afforded an opportunity to withdraw his claims in lieu of allowing the waiver to become operational. (*Id*. at 2.) At attorney Kersten's request, the Waiver Order was amended on February 4, 2019, to allow additional time for defendant to receive and respond to it. (Doc. No. 391 (Amended Waiver Order).) A simultaneously-issued Scheduling Order required the government to file any supplement to its motion based upon attorney Kersten's anticipated declaration on or before March 1, 2019, with petitioner filing any reply thereto by April 1, 2019. (Doc. No. 392.) March 1, 2019 came and went without the government filing a supplement. On March 25, 2019, petitioner filed a document that continued to pursue his claims of ineffective assistance. (Doc. No. 394.) The court has received no further communication or filing from petitioner since that time.

On February 13, 2020, the government late-filed a supplement to its motion to dismiss, attaching the declaration from Assistant Federal Defender Kersten. (Doc. No. 396-1.) Therein, the government explains that attorney Kersten emailed his declaration to the assigned Assistant United States Attorney back on February 27, 2019. (Doc. 396 at 2.) However, counsel for the government inadvertently overlooked the document because of numerous emails received during that time, particularly in connection with a criminal mater requiring the filing of a response to an expedited bail appeal to the Ninth Circuit on February 28, 2019 in another case. (*Id*.)

In general, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). This rule allows the court to extend the time to file an opposition or to provide relief from an order on the basis of "excusable neglect." To determine whether to grant such a request, the court must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd*., 507 U.S. 380, 394, 395 (1993); *see also Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal quotation and citation omitted).

/////

The length of the delay here—approximately one year—has been significant. However, because the court has yet to rule on the petition (in part because the motion was placed onto a list of motions awaiting further briefing), the impact on the proceedings and any potential danger of prejudice to petitioner of allowing the Kersten declaration to be filed is limited. "Prejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge*, 587 F.3d at 1196; *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial."). The government has provided an explanation of the oversight that caused the delay and appears to have been operating in good faith. Excusable neglect "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). Moreover, the court cannot effectively evaluate the merits of the pending petition, which focuses on claims of ineffective assistance of counsel, without the late-offered evidence. Accordingly, the general policy favoring disposition of claims on the merits weighs in favor of permitting the late filing of Assistant Federal Defender Kersten's declaration here. For, even when the reason for the delay is weak, where the equities favor excusing the negligence, the court must do so. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000) (reason for delay was travel, jet lag, and the time it took to sort through mail).

## CONCLUSION

For the reasons set forth above:

(1) The court will consider the late-filed declaration of Assistant Federal Defender Eric Kersten (Doc. No. 396-1); and

(2) Within sixty (60) days of service of this Order, petitioner may respond to any issues raised in attorney Kersten's declaration by filing a supplemental response to the government's motion to dismiss.

IT IS SO ORDERED.

Dated: __**February 25, 2020**__ _____

UNITED STATES DISTRICT JUDGE

4