IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | CASE NO. 1:12-CR-00234 |
| SAUL MORALES, | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

A jury found Saul Morales guilty of conspiring to manufacture, distribute, or possess marijuana with the intent to distribute it; manufacturing marijuana; possessing marijuana with the intent to distribute it; and maintaining drug-involved premises, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 856(a)(1). The charges arose out of his involvement in large marijuana growing and cultivation operation. After recomputing the guideline range based on removing a firearm enhancement, Morales was sentenced to 135 months, which he is serving at the federal McRae Correctional Institution. His release date, with good time credit, is December 31, 2021. He has served 93 months, and he has approximately nine months left.

Morales has moved for a time-served sentence through compassionate release under 18 U.S.C. § 3582(c)(1), relying on medical conditions that increase his vulnerability to COVID-19. (Docket Entry No. 399). The government opposes the motion. (Docket Entry No. 412).

For the reasons set out more fully below, the record does not justify the relief Morales seeks, and it is denied.

**I.     The Legal Standard**

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). But courts may reduce a defendant's

sentence if "the factors set forth in section 3553(a)" and "extraordinary and compelling reasons" justify a reduction.  *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A), (c)(1)(A)(i)).

After a defendant has been sentenced to a term of imprisonment, a court "may reduce the term" if, after considering the 18 U.S.C. § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The comments to the United States Sentencing Guidelines § 1B1.13 "provide four extraordinary and compelling reasons that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'"  *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)). A medical condition "might be sufficiently serious to warrant release" if the condition is either "terminal" or "substantially diminishes the [defendant's ability] to provide self-care."  *Thompson*, 984 F.3d at 433 (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).

"In some exceptional cases," compassionate release may be warranted if a defendant "demonstrate[s] an increased risk of serious illness if he or she were to contract COVID." *Thompson*, 984 F.3d at 434.  Courts granting compassionate release have generally done so "for defendants who had already served [most of their] sentences and [had] multiple, severe, health concerns."  *Id.* at 434–35.  Compassionate release typically does not extend to otherwise healthy defendants or defendants with well-managed health conditions.  *Id.* at 435.

## II.    Analysis

The court acknowledges the grave threat of COVID-19.  At the facility where Morales is incarcerated, McRae CI, as of March 2, 2021, no inmates were confirmed positive for COVID.  In the year since the pandemic began, 25 inmates there have recovered; there has been one inmate

death.  *See* BOP COVID-19 Resource Page, https://www.bop.gov/coronavirus (last visited March 2, 2021).  The BOP is taking significant steps to try to reduce the threat of further COVID infection in its facilities.

An inmate's medical conditions support compassionate release if those conditions "substantially diminish[] the ability of the defendant to provide self-care."  U.S.S.G. § 1B1.13 cmt. n.1(A).  An inmate who is at least 65, and who is experiencing a serious deterioration in physical or mental health, and has served the lesser of 10 years or 75 percent of the sentence, may also present a compelling case for release.  Morales is 56, below the age of greater vulnerability to COVID.  He does have at least one underlying medical condition that increases the risk if he contracts COVID; he has hypertension.  But he is receiving medical treatment for this as well as other medical concerns that do not affect vulnerability to COVID.  And he has received regular COVID tests, which have all been negative.

Morales's medical conditions are not so severe as to justify the compassionate early release he seeks.  He does not identify any illness that is terminal or interferes with his ability to self-care while incarcerated.  The family concerns he identifies, of adult children or parents needing more care, are common to many incarcerated individuals.  Morales has not demonstrated "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A).

The § 3553(a) factors do not help Morales.  The record shows that he owned and rented properties where he grew large amounts of marijuana that he sold for profit, including out of state.  The sales involved a misuse of the state medical marijuana laws.  Morales had involved his adult children in the marijuana operation—the same children whose need for his supervision he cites as a reason for early release.  The record precludes a finding that Morales is not a danger to the safety

of another person or to the community. U.S.S.G. § 1B1.13(2). The § 3353(a) factors only add to the reasons for denying relief.

### III. Conclusion

Morales's motion for compassionate release, (Docket Entry No. 399), is denied.

SIGNED on March 25, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge