UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>SAUL MORALES,<br><br>Defendant-Movant. | No. 1:12-cr-00234-NONE-SKO-1<br><br>ORDER CONSTRUING GOVERNMENT'S MOTION TO DISMISS AS AN ANSWER AND DENYING MOTION BROUGHT UNDER 28 U.S.C. § 2255<br><br>(Doc. Nos. 373, 386, 387, 396) |

Presently before the court is respondent United States of America's motion to dismiss movant Saul Morales's ("movant") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255 motion").[1]  (Doc. Nos. 373, 387.)  Pursuant to Local Rule 230(g) and General Order No. 617, the court has determined the pending motion is suitable for decision based on the papers submitted by the parties.  For the reasons set forth below, the court will construe the government's motion to dismiss as an answer, will deny the pending § 2255 motion in its entirety, and will decline to issue a certificate of appealability.

---

[1] Pursuant to the government's request and this court's order, movant's § 2255 motion was sealed, and a redacted version provided by the government was filed in its place on November 28, 2018.  (*See* Doc. Nos. 385, 386.)  Unless otherwise noted, the court refers in this order to the redacted § 2255 motion.

1

# BACKGROUND

## A.  Underlying Conviction

Movant was convicted following a jury trial of (1) conspiracy to manufacture, distribute, and possess with intent to distribute 1,000 or more marijuana plants in violation of 21 U.S.C. §§ 846 and 841; (2) manufacturing and aiding and abetting the manufacture of 1,000 or more marijuana plants in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; (3) possessing 1,000 or more marijuana plants with the intent to distribute and aiding and abetting in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and (4) maintaining drug-involved premises and aiding and abetting in violation of 18 U.S.C. §§ 2 and 856.  (Doc. Nos. 58, 232.)  On April 14, 2014, movant was sentenced on his convictions to the custody of the U.S. Bureau of Prisons for a term of 210 months.  (Doc. Nos. 270, 271.)

## B.  Movant's Pre-Trial, Trial, and Post-Trial Representation

Movant was first represented by Assistant Federal Defender Victor Chavez at his initial appearance in this criminal prosecution.  (Doc. No. 396-1 ¶ 2.)  Assistant Federal Defender (AFD) Eric V. Kersten was thereafter assigned to movant's case by the Office of the Federal Defender and first appeared in court with movant on July 19, 2012, at movant's detention hearing.  (*Id.*)  AFD Kersten represented movant throughout the pre-trial proceedings in this case and at trial.  (*Id.* ¶ 4.)

After the trial concluded, movant submitted a proposed substitution of attorney to the court substituting in attorney Nicholas Reyes as his counsel, which the court granted on November 22, 2013.  (*Id.* ¶ 5.)  AFD Kersten's representation of movant was terminated, and attorney Reyes assumed movant's representation at his sentencing proceedings and filed the notice of appeal on movant's behalf.  (*Id.*; Doc. No. 275.)  The Ninth Circuit granted attorney Reyes' motion to withdraw as counsel of record for movant and to appoint new counsel on appeal.  (Doc. No. 290.)  On October 1, 2014, attorney Johanna S. Schiavoni, was appointed as counsel on appeal to represent movant.  (*See* Doc. No. 294.)

/////

/////

**C.     Appeal and Remand**

On appeal from his judgment of conviction, movant challenged (1) the propriety of certain jury instructions given at his trial, (2) the sufficiency of the evidence admitted at his trial to support his convictions, (3) the trial court's exclusion of evidence relating to a medical necessity defense, (4) the trial court's determination that a more than ten-year-old expunged felony conviction and a pending administrative investigation of a testifying officer were not subject to disclosure, and (5) the applicability of an upward adjustment of movant's offense level under the U.S. Sentencing Guidelines based upon movant's leadership role in the commission of the offenses, as well as for his possession of firearms and his role in maintaining drug-involved premises. (*See* Doc. No. 346.) The Ninth Circuit, in part, addressed movant's claims on appeal, stating as follows:

> 4.     The district court did not err in denying [movant's] motion for a judgment of acquittal with respect to Count III (possession of marijuana with the intent to distribute). [Movant] was not merely "present" at the properties on which police discovered more than 4,000 marijuana plants growing. He owned the properties. The government also adduced testimony that [movant] was closely involved with the marijuana grows on his property and that growers supplied him with marijuana in lieu of rent. [Movant] was arrested with small quantities of marijuana on his person, as well as a large amount of cash. Marijuana processing materials, including a digital scale, were found in [movant's] house. [Movant] owned a second property which witnesses described as a "stash house" for marijuana. The evidence was more than sufficient for the jury to conclude that [movant] exercised "ownership, dominion, or control over the [marijuana] itself or the premises . . . in which the [marijuana was] concealed." *United States v. Johnson*, 187 F.3d 1129, 1134 (9th Cir. 1999) (emphasis in original) (internal quotation marks omitted).
>
> 5.     The district court did not abuse its discretion in concluding that a testifying police officer's prior felony drug conviction and pending administrative investigation were not material for *Brady*/*Giglio* purposes. *See Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963). Evidence of the conviction would have been inadmissible under the Federal Rules of Evidence for several reasons. First, the conviction was expunged under California law. *See* Fed. R. Evid. 609(c)(1). Second, the conviction was more than ten years old, and because it was not for a crime involving dishonesty or false statements, it was of limited probative value relative to its prejudicial effect. *See* Fed. R. Evid. 609(b)(1). Finally, [movant's] contention that the evidence could have led to admissible evidence if timely disclosed is entirely vague and speculative.

3

>   6.   The district court did not err in applying sentencing enhancements for [movant's] role in the offense, U.S.S.G. § 3B1.1(a), and for maintaining drug-involved premises, U.S.S.G. § 2D1.1(b)(12). The enhancement for being a leader *or* organizer of a criminal scheme "applies to defendants who have the ability and influence necessary to *coordinate the activities* of others to achieve the desired result. . . ." *United States v. Doe*, 778 F.3d 814, 824–25 (9th Cir. 2015) (emphasis added). Here, there was adequate evidence that [movant] organized the criminal activity. As a landlord who rented his property to marijuana growers, he determined who participated in the scheme. As he could have terminated the leases of his coconspirators at any time, [movant] also determined the extent of his coconspirators' participation. [Movant] also managed the assignment of plots to individual tenants for marijuana grows; distributed raw materials for marijuana cultivation (including starter plants and water for irrigation); and managed access to centralized locations for the processing of the marijuana. A witness testified at trial that [movant] instructed [this witness] to deal with the police if they searched the property because [the witness] spoke English well. There was ample evidence from which the district court could conclude that [movant] was at least an organizer, and perhaps a leader, of the criminal conspiracy.
>
>   With respect to the enhancement for maintaining drug-involved premises, [movant] acknowledged that he was aware of the extensive marijuana cultivation operation on his property and that he derived revenue from the growers involved. Moreover, the jury convicted [movant] of a crime with the same elements. The district court did not err in applying the enhancement.

(*Id.* at 2–6.) Ultimately, the Ninth Circuit affirmed movant's convictions on appeal but vacated his sentence and remanded the matter solely for the purpose of resentencing with respect to a narrow issue. (*See id.* at 6–9.) Specifically, at resentencing, the district court was directed to make a finding regarding the operability of a firearm belonging to movant. (*Id.*) That firearm had formed the basis for an upward adjustment of movant's offense level under the sentencing guidelines related to possession of a dangerous weapon. (*Id.*)

On August 14, 2017, the previously assigned district judge determined that a firearm enhancement would not be re-imposed and resentenced movant to a total term of 135 months imprisonment. (Doc. No. 357.) The sentence imposed on remand was based, in part, on the inadvertent destruction of the firearm in question and the inability to determine its operability at the time the offense of conviction was committed. (*See* Doc. Nos. 346, 356, 365.) On appeal following movant's resentencing, the Ninth Circuit affirmed movant's judgment and sentence,

determining that the sentence imposed on remand was reasonable.  (Doc. No. 367.)

**D.     Movant's § 2255 Petition**

On October 5, 2018, movant filed this § 2255 petition *pro se*, claiming ineffective assistance of counsel in several respect.  (Doc. Nos. 373, 386.)  Movant divides his § 2255 petition into two parts, "Ground #1" and "Ground #2."  (*See id.* at 12–22.)  Under Ground #1, movant alleges that his trial counsel rendered ineffective assistance because he:  (a) failed to object to the prosecutor's use of perjured testimony; (b) failed to object to improper statements made by the prosecutor during closing argument; (c) allowed the jury to have an inaccurate impression that movant was the owner of the entire marijuana cultivation; (d) failed to impeach or adequately cross-examine the government's trial witnesses; (e) allowed the prosecutor to withhold exculpatory evidence in violation of *Brady*; and (f) allowed movant to be framed.  (*Id.* at 12.)  Movant also claims in Ground #1(g) that his appellate counsel rendered ineffective assistance by failing to raise these issues on appeal as "plain error."  (*Id.*)  Under Ground #2, movant asks this court "to conduct a cumulative error analysis," and asserts that his trial counsel rendered ineffective assistance as follows:  (1) failure to dedicate sufficient time to movant's case; (2) failure to hire an investigator or conduct any pre-trial investigation; (3) failure to interview all government witnesses; (4) failure to object to the prosecutor's leading examination of prosecution witnesses; (5) failure to move for a pre-trial line-up; (6) improperly agreeing to stipulations without movant's consent; (7) failure to object to the prosecutor's piling of inferences; (8) improperly agreeing to stipulations without movant's consent (duplicate); and (9) failure to adequately challenge the leadership role enhancement at sentencing.  (*Id.* at 20.)

On November 27, 2018, the government filed a motion requesting a finding of partial waiver of the attorney-client privilege between movant and AFD Kersten and directing Kersten to submit a declaration related to certain claims outside the record made by movant.  (Doc. No. 383.)  On December 4, 2018, the government filed a motion to dismiss the § 2255 motion, asserting that movant's allegations are wholly conclusory and some of his claims were already rejected on appeal.  (*See* Doc. No. 387 at 6–9.)  The government requested that, in the alternative, if the court instead reached the merits of movant's claims, that the court order AFD Kersten to

5

submit a responsive declaration and allow the government to supplement its response for the court's further consideration. (Doc. No. 387 at 9.) On December 6, 2018, the court issued an order finding a partial waiver of the attorney-client privilege and directing AFD Kersten to submit a declaration addressing certain of movant's claims. (Doc. No. 388.) On February 4, 2019, the court issued an amended order regarding the same. (Doc. No. 391.)

Movant responded to the government's motion to dismiss on March 25, 2019. (Doc. No. 394.) In his opposition, movant noted correctly he had not received AFD Kersten's declaration because, unbeknownst to movant, the government had yet to file the declaration with the court. (*Id*. at 1, 2.) On February 28, 2020, the court granted the government's late filing of the declaration of AFD Kersten in support of its motion and notified movant that he had sixty (60) days to file a response. (Doc. No. 398.) Movant did not file a response to the declaration. Instead, on July 30, 2020, movant filed and proceeded to litigate a motion seeking compassionate release under 18 U.S.C. § 3582. (*See* Doc. No. 399 (filing a motion for compassionate release).) Upon disposition of the compassionate release motion (Doc. No. 420), the court turned once again to this pending § 2255 motion.

## LEGAL STANDARD

**A.    Section 2255 Motions**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). A § 2255 motion to vacate, set aside, or correct the sentence of a federal prisoner entitles the prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner . . . ." 28 U.S.C. § 2255(b).

Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now

that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

As a *pro se* litigant, the movant's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the requirement of liberal construction does not mean that the court can ignore an obvious failure to allege facts that set forth a cognizable claim. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("We also concur in the dismissal of the allegations concerning the photographic array shown to some witnesses as vague, conclusory and without any facts alleged in support of the claim."); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where the allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

**B.      Ineffective Assistance of Counsel Claims**

Ineffective assistance of counsel claims may be heard on collateral review, even if a defendant could have, but failed to, bring those claims on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504–05, 509 (2003); *see also United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993); *United States v. Ratigan*, 351 F.3d 957, 964–65 (9th Cir. 2003). The law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998). In *Strickland v. Washington*, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. 668, 694 (1984).

First, "deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland*, 466

U.S. at 688). The movant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *See Strickland*, 466 U.S. at 690; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689); *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997); *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *See Strickland*, 466 U.S. at 677–78; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

Second, to demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003). In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993). A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Id.*; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his conviction or sentence were to be set aside solely because the outcome may have been different but for counsel's errors. *See Lockhart*, 506 U.S. at 369–70. Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine, despite the errors and prejudice, whether the criminal proceeding was fundamentally fair and reliable. *Id.*

The prongs of the *Strickland* test may be evaluated out of order. *See Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002), *opinion amended and superseded in part*, 385 F.3d 1247 (9th Cir.

2004). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* (quoting *Strickland*, 466 U.S. at 697).

**ANALYSIS**

**A.      The Motion to Dismiss**

The pending § 2255 motion raises a preliminary issue: whether the government's motion is appropriately framed as a motion to dismiss and/or whether it should be construed otherwise, possibly as a motion for judgment or an answer. The government specifically invoked Federal Rule of Civil Procedure 12(b)(6) in its filing and argued that movant's § 2255 motion should be dismissed; however, the government also referenced Rule 56 and requested that the court consider the declaration of AFD Kersten if the court instead reached the merits of movant's claims. (Doc. No. 387 at 1, 9.) Indeed, in arguing for the issuance of an order finding partial waiver of the attorney-client privilege and directing AFD Kersten to submit a declaration, the government stated that it "ha[d] no information to address" substantively as to certain ineffective assistance of counsel claims advanced by movant, though the government nonetheless contends that even those claims are "cursory and vague" and therefore subject to denial or dismissal. (Doc. Nos. 383 at 1–2; 387 at 7 (quoting *Greenway v. Schriro*, 653 F.3d 790, 804–05 (9th Cir. 2011)).)

Here, the court believes it will be necessary to consider AFD Kersten's declaration to resolve many of movant's pending claims. In addition, other materials of record will aid the court's decision, some of which are incorporated by movant's explicit reference in his § 2255 motion and others of which the government incorporated into its motion supplement. (*See, e.g.,* Doc. Nos. 386 at 9 (movant referencing a portion of a motion *in limine*); 396-2, Ex. A at 1–3 (government including as an exhibit a pre-trial letter from AFD Kersten to movant).)

Under Rule 12 of the Rules Governing § 2255 Proceedings, the Federal Rules of Civil Procedure are applicable to the extent they are not inconsistent with any statutory provisions or these rules. "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56

motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 n.4 (9th Cir. 1998)).  While the mechanism of summary judgment is not inconsistent with habeas practice and procedure, *Blackledge v. Allison*, 431 U.S. 63, 80–81 (1977), it is also common practice and arguably preferrable to require dispositive merits issues to be raised by way of an answer. *Kornfeld v. Puentes*, No. 1:19-cv-00263-JLT-HC, 2019 WL 1004578, at *1 (E.D. Cal. Mar. 1, 2019) ("Whatever beneficial role summary judgment may have played in habeas proceedings prior to AEDPA is now virtually non-existent."); *see also Alex v. Cox*, No. 2:05CV00806 JCMPAL, 2007 WL 773882, at *1 (D. Nev. Mar. 9, 2007) ("Under Habeas Rule 5, the proper procedural vehicle for a response to the merits of a habeas petition is an answer.")  Therefore, the court will invoke its authority to convert the government's motion to dismiss to an answer. *Velasquez v. Benov*, No. 1:10-CV-01593 AWI, 2011 WL 2960875, at *4 (E.D. Cal. July 20, 2011) ("[T]he Court has the inherent power under the Rules Governing Section 2254 Cases to construe Respondent's motion as an answer on the merits.  So construing the filing, the Court would then be in a position to rule on the merits of the petition without the need for further development of the record or additional briefing.").

Movant was provided with a copy of his trial counsel's declaration and was afforded 60 days to file a response to AFD Kersten's declaration and the government's motion to dismiss. (Doc. No. 398.)  Movant did not avail himself of that opportunity.

For the reasons set forth below in detail below, the court concludes that movant is not entitled to relief under § 2255.  In both his pending motion for relief and his response to the government's motion to dismiss, movant has failed to come forward with facts and information to support to his claims.  Instead, movant largely rehashes defense arguments, many of which were rejected by the trial court in ruling on his motions *in limine* or by the Ninth Circuit on direct appeal from his conviction. (*See, e.g.,* Doc. Nos. 386 at 9–11, 13–14, 15–16; 394 at 2–4, 5–6.) Those arguments have little or no bearing on movant's pending § 2255 claims.  Further, as noted above, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James*, 24 F.3d at 26.

**B.      Movant's Claims**

   1.      <u>Failure to Call Witnesses</u>

Movant asserts that his trial counsel rendered ineffective assistance by "allow[ing] the jury to retire with the inaccurate impression" that movant was the owner of the entire marijuana cultivation operation at issue in this case (Ground #1(c)). (Doc. No. 386 at 12.) Specifically, movant alleges that his trial counsel "did not want to work preparing all the possible witnesses who could testify at [movant's] favor and to explain to the jurors that all the lies that the government was presenting . . . could be exterminated with the statements of all witnesses . . . ." (*Id.* at 17.) The record indicates that movant's trial counsel did not call witnesses and rested the defense case "after discussing the matter" with movant. (Doc. No. 257 at 181:1–3, 191:17–20.) On this subject, movant's trial counsel has declared:

> Regarding ground 1(c), alleging that I left the jury with the inaccurate impression that Mr. Morales was the owner of the entire cultivation operation; Mr. Morales was undisputedly the owner of the entire property where the marijuana was being cultivated. Evidence showed there were 20 separate marijuana plots on Morales' property, and 18 of these had medical marijuana cards posted which identified 25 individuals other than Mr. Morales. Two of the plots had no identification posted. I argued strenuously that Mr. Morales merely rented plots of land to others who were cultivating marijuana on their own. Morales' convictions did not require the government to prove that Morales was going to be the owner of all the marijuana being cultivated.

(Doc. No. 396-1, ¶ 9.)

Movant fails to identify how his trial counsel's decision not to present the purported defense witnesses to which movant nor refers was not the result of reasonable, professional judgment on counsel's part. *See Strickland*, 466 U.S. at 690. Further, movant has failed to name or otherwise identify any of these alleged witnesses. *See Alcala v. Woodford*, 334 F.3d 862, 872 n.3 (9th Cir. 2003). Movant also has not proffered the alleged testimony that any witness would have given if called, except through the superficial and vague assertion that the witnesses would have testified in his favor. *Id.* As a result, movant's allegations are insufficient to support the granting of collateral relief. *Greenway* at 804–05 (9th (finding that the movant's "cursory and vague claim [could] not support habeas relief," in concluding that the state court was not

11

objectively unreasonable in denying the movant's ineffective assistance of counsel claim); *see also James*, 24 F.3d at 26 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). Therefore, the pending § 2255 motion will be denied as to the claim presented in its Ground #1(c).

### 2. Failure to Prevail on Objection

Movant nest alleges that his trial counsel rendered ineffective assistance when he failed to "challeng[e] adequately" a sentencing enhancement imposed for movant's role as an organizer of the criminal activity of which he was convicted (Ground #2(9)). (Doc. No. 386 at 20.) First, although movant directs this allegation at his "trial counsel," he was actually represented by a different, retained counsel at his sentencing. (See Doc. No. 265; Doc. No. 396-1, 21.) Regardless, because movant's sentencing counsel objected to the upward adjustment in movant's offense level based upon his leadership role both in writing and orally at the sentencing hearing (*see* Doc. Nos. 264 at 2, 313 at 8:4–8), movant's assertion would appear to center on his counsel's alleged deficiency for not prevailing on the objection. Regardless, movant's argument is without merit.

To demonstrate deficient performance, movant must identify his counsel's acts or omissions that were not the result of reasonable, professional judgment. *See Strickland*, 466 U.S. at 690. Here, movant's allegation of deficiency is wholly conclusory. He does not cite to anything in the record or propound any argument that would support a finding that his counsel's assistance was ineffective, particularly in light of counsel's demonstrated objections to the upward role in the offense adjustment in the record. *See James*, 24 F.3d at 26 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). Therefore, relief will also be denied as to movant's claim as stated in his Ground #2(9).

### 3. Failure to Object

Movant alleges that his trial counsel rendered ineffective assistance by failing to object to the following actions taken by the prosecutor at his trial: (1) knowingly using perjured testimony (Ground #1(a)), (2) making improper statements during closing argument (Ground #1(b)), (3) leading witnesses during direct examination (Ground #2(4)), and (4) piling on inferences (Ground

1  #2(7)).  (*See* Doc. No. 386 at 12, 20.)  However, movant again has failed to provide any specific
2  facts or citations to the record where he contends his trial counsel should have objected or where
3  the prosecutor committed the actions he now claims occurred.  *See Jones v. Gomez*, 66 F.3d 199,
4  204 (9th Cir. 2005) ("It is well-settled that '[c]onclusory allegations which are not supported by a
5  statement of specific facts do not warrant habeas relief.'") (quoting *James*, 24 F.3d at 26)).
6  Therefore, relief will be denied as to movant's claims set forth in his Ground #1(a) and (b) and
7  Ground #2(4) and (7).

8         4.      <u>Stipulations Without Movant's Consent</u>

9  Movant next asserts in Grounds #2(6) and (8) that his trial counsel agreed to stipulations
10  at his trial without his consent.  (Doc. No. 386 at 20 (duplicate grounds)).  However, movant once
11  again does not cite to or refer to any specific stipulations that counsel entered into without his
12  consent.  *See Gomez*, 66 F.3d at 204.  Moreover, movant's trial counsel denies having done so.
13  (Doc. No. 396-1 at ¶ 19.)  Therefore, movant has failed to establish that he is entitled to collateral
14  relief on his claims with respect to his Ground #2(6) and (8).

15         5.      <u>Nondisclosure of Exculpatory Evidence</u>

16  In his Ground #1(e), movant argues the prosecutor did not disclose exculpatory evidence
17  to defense counsel in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  (Doc. No. 386 at 12.)
18  The due process clauses of the Fifth and Fourteenth Amendments to the Constitution, as
19  interpreted by the Supreme Court in *Brady*, require the prosecution to learn of and disclose to the
20  defense any exculpatory or impeachment evidence favorable to the accused that is in the
21  prosecution's possession.  373 U.S. at 87.  However, "strictly speaking, there is never a real
22  '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability
23  that the suppressed evidence would have produced a different verdict."  *Strickler v. Greene*, 527
24  U.S. 263, 281 (1999).  When making a claim under *Brady*, the burden of proving the need for
25  disclosure is on the defendant.  *See United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir.
26  1989) ("The mere suspicion that information will prove helpful is insufficient to require
27  disclosure.").
28  /////

Here, movant has wholly failed to meet his burden because he has provided no explanation or description of the contents of the alleged exculpatory evidence to which he now refers. Furthermore, movant does not explain how such evidence would have exonerated him, how he otherwise was prejudiced by the alleged nondisclosure, or how the evidence would have produced a different verdict at his trial. If movant is referring to the "testifying police officer's prior felony drug conviction and pending administrative investigation," the Ninth Circuit already addressed that claim and determined that those "were not material for *Brady*/*Giglio* purposes." (Doc. No. 346 at 5.) Specifically, the Ninth Circuit found that the police officer's conviction was expunged under California law, was more than ten years old, and was not for a crime involving dishonesty or false statements, and thus would have been inadmissible. (*Id.*) Accordingly, movant has also failed to establish that he is entitled to relief as to his claim set forth in his Ground #1(e) based on an alleged *Brady* violation.

        6.      <u>Failures to Devote Sufficient Time, Hire Investigator, Conduct Pre-trial Investigation, and Interview Witnesses</u>

Movant also claims that his trial counsel rendered ineffective assistance by (1) not devoting sufficient time to movant's case (Ground #2(1)), (2) failing to hire an investigator or conduct any pre-trial investigation (Ground #2(2)), and (3) failing to interview all government witnesses (Ground #2(3)). (Doc. No. 386 at 20.) In his declaration, AFD Kersten declares that he dedicated sufficient time to movant's case, such as reviewing all discovery with movant, visiting the relevant properties, and filing motions *in limine*, and further states that a Federal Defender investigator assisted him and conducted appropriate pre-trial investigation. (Doc. No. 396-1, ¶¶ 14–15.) Regarding the government witnesses, AFD Kersten agrees that he did not interview all of them but asserts that "no prejudice occurred as witness testimony was consistent with their pretrial statements and reports, which were disclosed to the defense." (*Id.,* ¶ 16.)

In any event, movant again has not provided any specific facts or documentary evidence to support his assertions in support of this claim, such as what information his trial counsel would have obtained through interviewing all the government witnesses, conducting further investigation, or devoting additional time to his case. *See Hendricks v. Calderon*, 70 F.3d 1032,

14

1042 (9th Cir. 1995) ("Absent an account of what beneficial evidence investigation into any of these issues would have turned up, Hendricks cannot meet the prejudice prong of the *Strickland* test.") (citing *James*, 24 F.3d at 26)); *Villafuerte v. Stewart*, 111 F.3d 616, 632 (9th Cir. 1997) (finding that the petitioner failed to demonstrate prejudice because "he presented no evidence concerning what [counsel] would have found had he investigated further, nor what lengthier preparation would have accomplished."). Relief as to movant's claims set forth in his Ground #2(1), (2), and (3) will therefore also be denied.

### 7. Failure to File Motion for Pre-trial Line-up

Movant also argues that his trial counsel's failure to file a motion for a pre-trial line-up constituted ineffective assistance of counsel (Ground #2(5)). (Doc. No. 386 at 20.) "Whe[n] [movant] claims ineffective assistance for failure to file a particular motion, he must 'not only demonstrate a likelihood of prevailing on the motion, but also a reasonable probability that the granting of the motion would have resulted in a more favorable outcome.'" *Leavitt v. Arave*, 646 F.3d 605, 613 (9th Cir. 2011) (quoting *Styers v. Schriro*, 547 F.3d 1026, 1030 n.5 (9th Cir. 2008)). Here, movant does not offer any facts or explanation supporting the need for the bringing of a motion for a pre-trial line-up in his case. As explained by AFD Kersten in his declaration, "identity was not an issue at trial," especially since it was undisputed that movant owned the property where the marijuana cultivation operation occurred. (Doc. No. 396-1 ¶ 18; *see also* Doc. No. 387 at 6–7.) Rather, the question at his trial was the level of movant's involvement in the marijuana cultivation. Thus it appears that any such motion, if brought, would have been denied and highly improbable that a pre-trial line-up would have resulted in a more favorable outcome for movant at his trial. Accordingly, movant's claim asserted in his Ground #2(5) will also be denied.

### 8. Failure to Impeach Witnesses

Next, movant alleges that his trial counsel's failure to impeach the government's witnesses with prior inconsistent statements or to conduct proper cross-examination of those witnesses constituted ineffective assistance of counsel (Ground #1(d)). (Doc. No. 386 at 12.) In his § 2255 petition, movant refers to one government witness who testified at his trial, claiming

that this witness offered false testimony against him in exchange for incentives and benefits from the government.[2] (*See* Doc. No. 386 at 19, 22.) First, movant has failed to provide any facts or cite to any portion of the witness's testimony that was allegedly false. Second, AFD Kersten asserts in his declaration that he "impeached witnesses during cross examination through references to items such as benefits they hoped to receive, inconsistent statements, and the presenting slanted testimony [sic]." (Doc. No. 396-1 at 3.) Overall, movant does not address how his counsel's alleged failure to impeach any government witness was either indicative of a deficient performance or prejudicial. (*See* Doc. No. 387 at 6–7.) Accordingly, movant's claim asserted in his Ground #1(d) will be denied as well.

        9.        <u>Failure to Raise Issues on Appeal</u>

Finally, movant asserts in his Ground #1(g) that his appellate counsel rendered ineffective assistance by failing to raise all of the ineffective assistance of trial counsel claims listed under Ground #1 on appeal. (*See* Doc. No. 386 at 12.) The *Strickland* standards apply to appellate counsel as well as trial counsel. S*mith v. Murray*, 477 U.S. 527, 535–36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989). To obtain relief on a claim of ineffective assistance of appellate counsel, an appellant "must show that counsel's [representation] fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, [appellant] would have prevailed on appeal." *Miller*, 882 F.2d at 1434 (citing *Strickland*, 466 U.S. at 688, 694; *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986)).

However, an indigent defendant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Counsel "must be allowed to decide what issues are to be pressed." *Id.* Otherwise, "the ability of counsel to present the client's case in accord with counsel's professional evaluation" would be

---

[2] Although movant does not explicitly mention the testifying police officer, as discussed above, the Ninth Circuit concluded that the officer's prior felony drug conviction and pending administrative investigation would have been inadmissible and thus the conviction could not have been used for impeachment purposes. (*See supra* Part A.5; Doc. No. 346 at 5.)

seriously undermined. *Id.*; *see also Smith v. Stewart*, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998) (appellate counsel is not required to file "kitchen-sink briefs" because it "is not necessary, and is not even particularly good appellate advocacy"). There is, of course, no obligation to raise meritless arguments on a client's behalf. *See Strickland*, 466 U.S. at 687–88 (requiring a showing of deficient performance as well as prejudice). Appellate counsel clearly does not render deficient performance for failing to raise a weak issue. *See Miller*, 882 F.2d at 1434. To demonstrate prejudice in this context, a movant must show that, but for appellate counsel's errors, he probably would have prevailed on appeal. *Id.* at 1434 n.9.

Here, the court has found that all of movant's ineffective assistance of trial counsel claims are meritless, specifically because he has not articulated what alleged acts or omissions of trial counsel were not the result of the exercise of reasonable, professional judgment and he has not shown that he was prejudiced by any of trial counsel's alleged acts or omissions. Likewise, movant's appellate counsel had no obligation to raise meritless issues on appeal. *See Strickland*, 466 U.S. at 687–88. In any event, movant's ineffective assistance of trial counsel claims raised in this § 2255 motion are conclusory and vague, and there has been no factual basis presented upon which the court could find that movant's appellate counsel should have raised these issues on appeal. Accordingly, movant's Ground #1(g) claim will also be denied.[3]

**C.     Evidentiary Hearing**

The Ninth Circuit has held that a court may deny an evidentiary hearing where the allegations, "viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations and citations omitted); *see also United States v. Withers*, 638 F.3d 1055, 1055, 1062–63 (9th Cir. 2011). To warrant a hearing, a petitioner must make specific factual allegations that, if true, would entitle him to relief. *Withers*, 638 F.3d at 1062. Conclusory allegations are insufficient, without more, to warrant a hearing on a § 2255

---

[3] In Ground #1(f), movant simply states "that he was frame[d]." (Doc. No. 386 at 12.) It is unclear what movant means by this allegation, given that he does not provide any further allegations or documentary evidence in support of such a claim or to show how he was "framed." *See Gomez*, 66 F.3d at 204. Movant's Ground #1(f) claim will therefore denied.

motion. *See United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *Shah*, 878 F.2d at 1161. As discussed above, movant offers conclusory allegations and there is no reason to believe any evidence or information of material import relevant to movant's claims would be elicited at a hearing. Therefore, the court finds that an evidentiary hearing is not warranted.

### D. Certificate of Appealability

Having found that movant is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. An appeal may not be taken from the denial of a § 2255 petition, unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). If, as in the present case, a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a § 2255 petition is dismissed on procedural grounds, a petitioner satisfies the substantial showing standard by "demonstrat[ing] that: (1) 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right'; and (2) 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Guyer*, 961 F.3d 1238, 1246–47 (9th Cir. 2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a court denies claims in a § 2255 petition on the merits, the substantial showing standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (quoting *Slack*, 529 U.S. at 484).

As discussed above, movant has not made any showing, let alone a substantial one, of the denial of a constitutional right. Furthermore, the court finds that reasonable jurists would not find debatable the correctness of the court's procedural rulings. Regarding the merits of this case, the court also finds that reasonable jurists would not find the court's assessment of movant's claims either debatable or wrong. Accordingly, the court declines to issue a certificate of appealability.

/////

**CONCLUSION**

For all of the foregoing reasons, the government's motion to dismiss (Doc. No. 387) is converted to an answer and movant's § 2255 motion (Doc. Nos. 373, 386) is denied in full. The court DECLINES to issue a certificate of appealability. Movant's case remains closed.

IT IS SO ORDERED.

Dated: __**December 21, 2021**__   _____
UNITED STATES DISTRICT JUDGE